IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02132-PAB

KATHERINE GRUIS,

    Plaintiff,

v.

LORI HERALD,
DAVID B. DILLON,
THE KROGER CO., d/b/a
Kroger Shared Service Center-Hutchinson,
d/b/a Dillon Companies, Inc., d/b/a City
Market,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff Katherine Gruis' Motion for Relief from a Final Order Pursuant to F.R.C.P. Rule 60(b)(1) and Motion to Re-Open the Case [Docket No. 7].

On August 14, 2012, the Court issued an Order to Show Cause [Docket No. 4], concluding that plaintiff's filings failed to adequately invoke the Court's federal question jurisdiction.  The Court noted, however, that the complaint contains information indicating that the Court may be able to exercise diversity jurisdiction, but that there is insufficient information in the complaint to assure the Court that such is the case.  Therefore, the Court ordered plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff did not file a response and on August 29, 2012, the Court issued an order dismissing the case.  Docket No. 5.

On October 9, 2012, plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(1) to set aside the Court's Order of Dismissal and re-open the case on the ground that she received the Order to Show Cause on the same date as the Order of Dismissal. Docket No. 7 at 1, ¶ 1. Rule 60(b)(1) provides that a party may obtain relief from judgment by reason of: "(1) mistake, inadvertence, surprise, or excusable neglect." Absent any indication that plaintiff has misrepresented the date on which she received the Order to Show Cause, plaintiff has established that she was surprised by the Court's Order of Dismissal, and thus the Court will grant her Rule 60(b)(1) motion and consider the merits of her argument.

"Since *Strawbridge v. Curtiss*, [3 Cranch 267 (1806)], this Court has read the statutory formulation 'between . . . citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005). In other words, diversity jurisdiction arises only when each plaintiff is a citizen of a different state than each defendant. A corporation is a citizen of each state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1184 (2010). "[A]n individual's state citizenship is equivalent to domicile. . . . To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

In order to establish a basis for the Court's subject matter jurisdiction in this

case, plaintiff must plead facts establishing that she is a citizen of a different state than each defendant.  Plaintiff sets forth facts indicating that she is a citizen of Colorado and that Lori Herald is a citizen of Kansas.  Docket No. 7 at 2.  Moreover, the corporate disclosure statement submitted by defendants Lori Herald, David B. Dillon, The Kroger Co., and Dillon Companies, Inc. indicates that The Kroger Co. is incorporated in Ohio.  Docket No. 10 at 102.  However, plaintiff does not set forth any facts regarding the citizenship of defendant David B. Dillon, nor does she state the location of The Kroger Co.'s principal place of business.  Plaintiff must sufficiently allege the citizenship of all parties or else this case will be dismissed for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED** that the Motion for Relief from a Final Order Pursuant to F.R.C.P. Rule 60(b)(1) and Motion to Re-Open the Case [Docket No. 7] filed by plaintiff Katherine Gruis is GRANTED.  The Order of Dismissal [Docket No. 5] is vacated and this case is reopened.  It is further

**ORDERED** that plaintiff shall file an amended complaint setting forth the basis of the Court's subject matter jurisdiction and the citizenship of each party by or before **Friday, May 10, 2013**.

DATED April 24, 2013.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge