IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-02132-PAB-MJW

KATHERINE GRUIS,

Plaintiff(s),

v.

LORI HERALD, Kroger Accounting Services - Hutchinson,
DAVID B. DILLON, President, The Kroger Co., and
THE KROGER CO., dba KROGER SHARED SERVICE CENTER - HUTCHINSON,
dba DILLON COMPANIES, INC., dba CITY MARKET,

Defendant(s).

---

**RECOMMENDATION ON
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (Docket No. 14)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to the undersigned by an Order Referring Case entered

by Judge Philip A. Brimmer on May 21, 2013.  (Docket No. 15).

After the pro se plaintiff filed her original Complaint, Judge Brimmer issued an

Order to Show Cause in which he ordered that on or before August 24, 2013, plaintiff

shall show cause why the case involves a dispute between citizens of different states

and should not be dismissed for lack of subject matter jurisdiction (Docket No. 4).

Judge Brimmer stated in that Order:

> In determining whether the complaint reveals an appropriate basis for
> subject matter jurisdiction, the Court first notes that the complaint does not
> reveal the factual basis for plaintiff's claims. Instead, plaintiff attempts to
> rely on cross-references to attached documents. *See* Docket No. 1 at 3
> (citing attached exhibits in the "Facts" section of the complaint). Upon

2

review of those attachments, the Court is unable to identify any facts that would indicate that this case in any way "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Rather, it appears that plaintiff is a current or former employee of defendant The Kroger Co. ("Kroger") and that plaintiff objects to Kroger's withholding of taxes from her paycheck. *See* Docket No. 1 at 10. The affidavits include no facts that indicate how the constitutional provisions she cites, or any others, are implicated by her employer's withholding of taxes. Although she alleges that defendants were somehow acting as agents of the Internal Revenue Service, Docket No. 1 at 5, ¶ 14.g., she provides no facts that support that characterization. In fact, her complaint alleges that "all defendants, especially Lori Herald, and [David B.] Dillon, were acting within the scope of their presumed duties as employees and Chief Executive Office[r] (President) of Defendant KROGER[.]" Docket No. 1 at 5, ¶ 17. In sum, plaintiff's filings fail to adequately invoke the Court's federal question jurisdiction.

In her complaint, plaintiff did not alternatively allege that the Court could exercise diversity jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."). The complaint contains information indicating that the Court may have diversity jurisdiction over this case. *See* Docket No. 1 at 1, 6. The Court, however, has insufficient information to assure itself that such is the case. *See, e.g.*, 28 U.S.C. § 1332(c)(1) (providing that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Hertz Corp. v. Friend*, --- U.S. ----, 130 S. Ct. 1181, 1192 (2010) (holding that a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

(Docket No. 4 at 2-3). Thereafter, Judge Brimmer entered an Order of Dismissal

(Docket No. 5) because plaintiff did not file a response to the Order to Show Cause, and

this action was dismissed for lack of subject matter jurisdiction. Final Judgment was

then entered by the Clerk. (Docket No. 6).

Over a month later, however, plaintiff moved to reopen the case. (Docket No. 7).

Judge Brimmer granted the plaintiff's motion, vacated the Order of Dismissal, and

directed the plaintiff to "file an amended complaint setting forth the basis of the Court's

subject matter jurisdiction and the citizenship of each party . . . ."  (Docket No. 12).

Judge Brimmer further stated in that Order:

> In order to establish a basis for the Court's subject matter jurisdiction in
> this case, plaintiff must plead facts establishing that she is a citizen of a
> different state than each defendant. Plaintiff sets forth facts indicating that
> she is a citizen of Colorado and that Lori Herald is a citizen of Kansas.
> Docket No. 7 at 2. Moreover, the corporate disclosure statement submitted by defendants Lori H
> Co., and Dillon Companies, Inc. indicates that The Kroger Co. is
> incorporated in Ohio.  Docket No. 10 at 102. However, plaintiff does not
> set forth any facts regarding the citizenship of defendant David B. Dillon,
> nor does she state the location of The Kroger Co.'s principal place of
> business. Plaintiff must sufficiently allege the citizenship of all
> parties or else this case will be dismissed for lack of subject matter
> jurisdiction.

(Docket No. 12 at 2-3).

Plaintiff then filed an Amended Complaint (Docket No. 13) in which she asserts

the following.  The action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and

1988 and invokes jurisdiction of this court pursuant to 28 U.S.C. §§ 1343(A)(3)(4), 1331,

1332(a)(1), and 1332(c)(1).  Plaintiff lives in Colorado.  Defendant Lori Herald ("Herald")

lives in Kansas and is an accountant for defendant The Kroger Co. ("Kroger") and was

acting as an accountant for the City Market in Colorado.  Kroger was and is a

corporation of Ohio, registered in Kansas and Colorado.  Defendant David B. Dillon

("Dillon") is a citizen of Ohio and was the president and CEO of Kroger.  Plaintiff

references attached exhibits, but there are no such attachments to that amended

pleading.  In addition, there is no page 4 for the amended pleading.  Aside from the

additions concerning the locations of the defendants, the amended pleading is identical

to the original Complaint (Docket No. 1) to which such referenced exhibits are attached, and page 4 was included.  Viewed as a whole, plaintiff alleges that starting on August 17, 2011, money was taken out of her pay by Herald and given to the Internal Revenue Service ("IRS") without plaintiff's permission.  Herald was acting as an agent of the IRS and violated various constitutional rights of the plaintiff.  Herald's actions constituted theft of compensation and interfered with plaintiff's contract with the IRS.  Herald changed plaintiff's W-4 without permission, citing plaintiff under a charge of "IRS Federal W-4 Lockout."  Kroger failed and/or neglected to train and supervise its employees.  Kroger is liable under the doctrine of respondeat superior for the acts of its employees.  Plaintiff seeks substantial compensatory and punitive damages.

Now before the court for a report and recommendation is the defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and pursuant to 12(b)(2) for lack of personal jurisdiction over Herald.[1] (Docket No. 14).  Plaintiff filed a Response (Docket No. 18), and defendants filed a Reply (Docket No. 20).  The court has carefully considered these motions papers as well as applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion to dismiss

---

[1]Defendants assert in a footnote in their motion to dismiss that they also have not been properly served pursuant to Fed. R. Civ. P. 4, but because of the unique progression of this case, 120 days to effectuate service had not yet expired.  Therefore, defendants contend that their motion to dismiss under Rules 12(b)(4) and (5) was not yet ripe.  Defendants stated that they specifically reserved and did not waive their right to file a motion to dismiss under Rules 12(b)(4) and (5) if they had not been properly served by that date.  (Docket No. 14 at 1-2 n.1).  Defendants have not since filed such a motion.

be granted.

A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

"[P]lausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[] 'ha[s] not nudged [his] claim[] across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). Furthermore, "[t]he nature and specificity of the allegations required to state a plausible claim will vary

based on context." Id. "[T]he *Twombly/Iqbal* standard is 'a wide middle ground

between heightened fact pleading, which is expressly rejected, and allowing complaints

that are no more than labels and conclusions or a formulaic recitation of the elements of

a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32

(10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the

tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009)). "Accordingly, in examining a complaint under

Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether

the remaining, factual allegations plausibly suggest the defendant is liable." Id. at 1191.

Plaintiff is proceeding *pro se.* The court, therefore, reviews her pleadings and

other papers liberally and holds them to a less stringent standard than those drafted by

attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro*

*se* complaint to less stringent standards than formal pleadings drafted by lawyers).

However, a *pro se* litigant's conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove

facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. California State

Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113

F.3d 1170, 1173-74 (10th Cir. 1997) (court may not supply additional factual allegations

to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake

v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not

"construct arguments or theories for the plaintiff in the absence of any discussion of

those issues).  "The plaintiff's pro se status does not entitle [her] to application of

different rules."  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

Here, reading the plaintiff's amended pleading (including the exhibits and missing

page that are included with her original Complaint), it appears that she is alleging that

the W-4 form she completed and submitted to Kroger is a contract between plaintiff and

the IRS and that Kroger, through defendant Herald (who was acting as an agent of the

IRS), interfered with that contract by withholding income tax at a higher rate than what

plaintiff specified on her W-4 form as a result of a "lock-out letter" the IRS sent Kroger,

which plaintiff alleges Kroger cannot do without plaintiff's consent.

This court agrees with the defendants that although plaintiff alleges that the

defendants' actions violated her constitutional rights under the Fourth through Ninth and

the Fourteenth Amendments, she provides no facts to state a claim under those

Amendments.  As Judge Brimmer previously found with respect to the plaintiff's original

Complaint, "the Court is unable to identify any facts that would indicate that this case in

any way 'arise[s] under the Constitution, laws, or treaties of the United States.' . . .  The

affidavits include no facts that indicate how the constitutional provisions she cites, or

any others, are implicated by her employer's withholding of taxes."  (Docket No. 4 at 2-

3).  The only factual allegations plaintiff added to her Amended Complaint concerned the location of the defendants; she added nothing that would indicate that this case states a claim under federal law.  She also still has not provided any factual allegations to support her bald claim that Herald or any other defendant was acting as an agent for the IRS.  Therefore, this court agrees with the defendants that for the same reasons Judge Brimmer found that the original Complaint did not contain sufficient allegations to support federal question jurisdiction, plaintiff's Amended Complaint likewise fails to support federal question jurisdiction.  "Further, the actions of an employer or the employer's agent in withholding taxes do not deprive the affected employee of any constitutional or federal right."  Dowty v. Budde, 2012 WL 6087724, at *3 (E.D.Cal. Dec. 6, 2012).

In addition, this court finds that to the extent the Amended Complaint could be construed as raising a breach of contract claim premised on plaintiff's assertion that her submission of a W-4 form constitutes a contract, such a claim is expressly prohibited by statute, namely, 26 U.S.C. § 3403 ("The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.").  See Bright v. Bechtel Petroleum, Inc. 780 F.2d 766, 770 (9th Cir. 1986) (employer is not liable to an employee for complying with its legal duty to withhold tax) (citing Stonecipher v. Bray, 653 F.2d 398, 403 (9th Cir. 1981) (employer has not breached employment contract by withholding taxes from wages and paying the employee the balance)).  In addition, actions such as this have been held to be barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits "for the purpose of restraining the assessment or collection of any tax."

Bright, 780 F.2d at 770.  See Crim v. TAD Technical Servs. Corp., 1992 WL 322201, at *2 (10th Cir. Nov. 3, 1992) (citing cases).

The court notes that on June 26, 2013, the pro se plaintiff filed a Motion for Leave of Court to Amend Complaint (Docket No. 21) in which she admitted that "her causes of action are not well pled . . . ."  This court denied that motion without prejudice because plaintiff did not tender a proposed Second Amended Complaint with her motion.  (Docket No. 22, Minute Order filed June 27, 2013).  More than six months have passed, however, yet plaintiff has not filed anything further in this action.

Based upon the findings above, and in the interest of judicial economy, the court has not addressed Defendant Herald's argument for dismissal pursuant to Rule 12(b)(2).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 14) be **granted**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

10

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley**

**v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  December 30, 2013                    s/ Michael J. Watanabe
       Denver, Colorado                     Michael J. Watanabe
                                            United States Magistrate Judge